JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Rinaldo P. Romano ("Romano") appeals from the decision of the Parma Municipal Court finding him guilty of a building code violation. For the reasons stated below, we affirm.
 {¶ 2} On August 20, 2003, Romano was issued a citation for failing to remove cement pipes from his yard, pursuant to Section 1464.08 of the North Royalton City Ordinance ("ordinance"), a misdemeanor. Romano stated that he placed the pipes in his yard because that portion of his yard regularly flooded. Romano contends the flooding of his yard is proximately caused by the plaintiff-appellee City of North Royalton's ("city") allowing the construction of a paved turning lane near his property.[1]
 {¶ 3} The ordinance states, in relevant part:
{¶ 4} "Duties of Owners, Operators and Occupants. The exteriorof the premises and all structures thereon shall be kept free ofunsanitary conditions, nuisances and hazards to the safety ofoccupants, pedestrians and other persons utilizing the premises.Any such unsanitary condition, nuisance or hazard posing imminentdanger to the health, safety and welfare of any person shall beimmediately removed and abated by the owner, operator andoccupant, and all other unsanitary conditions, nuisances orhazards shall be removed and abated by the owner, operator oroccupant within seven days of receipt of notice by the BuildingCommissioner or other enforcement officer."
 {¶ 5} Specifically, the citation issued to Romano charged a violation of Ordinance 1464.08(a), which provides that "* * * all premises shall be kept free of any debris, object, material or condition which may create a health, accident or fire hazard, which is a public nuisance or which constitutes a blighting or deteriorating influence on the neighborhood * * *." Therefore, the city must show 1) that debris, object, material or condition may create a health, accident or fire hazard; and 2) it must constitute a public nuisance or create a negative influence on the community.
 {¶ 6} On March 1, 2004, trial commenced and Romano asserted two defenses: that he could not be convicted under the ordinance because the pipes did not qualify as a nuisance, and that the turning lane constituted an unlawful taking under the United States Constitution.
 {¶ 7} Romano timely appealed and advances two assignments of error for our review.[2]
 I. {¶ 8} In his first assignment of error, Romano argues that "the trial court misapplied the law under the Constitution of the United States, by failing to address the appellant's defense that he was entitled to acquittal of the misdemeanor because the citation was based on an unlawful taking without just compensation." We disagree.
 {¶ 9} Regarding Romano's claim of an unlawful taking, the record establishes that Romano failed to present any evidence to show the turning lane was actually built on his property. Further, Romano has never filed an action to compel the city to initiate an eminent domain proceeding to compensate him for the alleged taking despite the existence of the turning lane for two years.
 {¶ 10} Plaintiff's exhibit A shows that the pipes Romano says are on his property actually enter the roadway. The pipes stand vertically and are placed on the white line separating Romano's yard from the shoulder of the road. Romano testified that he placed the pipes on the roadway because his complaints to the city of water collecting on his yard went unanswered. Also, despite Romano's assertion to the contrary, there is no testimony in the record to substantiate his assertion that water collects in his yard and that the roadway has anything to do with it.
 {¶ 11} On direct examination, Joseph Hartman ("Hartman")[3] stated that he received complaints that the pipes were a potentially hazardous condition, especially to garbage trucks or snow plows.
 {¶ 12} The city attempted to notify Romano of the violation via certified mail but they received no response.
 {¶ 13} We find that the pipes' location on or near the road is potentially hazardous to bicyclists, motorists and city and emergency workers. There is no reason for their location by the road, especially in relation to Romano's complaints of pooling water. The pipes are not being used as a method of drainage; rather, they are obstructions placed near the road out of spite.[4] Pursuant to Ordinance 1464.08, we find the concrete pipes constitute debris, an object or material that creates an accident hazard.
 {¶ 14} Secondly, under Ordinance 1464.03(n)(1), the pipes do constitute a nuisance. Nuisance is defined in part as "any public nuisance known at common law or in equity jurisprudence, or as provided by the statutes of the state or the ordinances of the city * * *." In Schoenberger vs. Davis (June 23, 1983), Cuyahoga App. No. 45611, this court explained:
{¶ 15} "There are many definitions for the term nuisance. Allvary according to the facts existing in the particular case.There are, however, certain basic conditions which must exist inevery case and which help in arriving at a determination ofwhether the acts complained of constitute a nuisance. The term"nuisance" in legal phraseology applies to that class of wrongswhich arise from the unreasonable, unwarrantable, or unlawful useby a person of his own property, real or personal, or from hisown improper, indecent, or unlawful personal conduct, working anobstruction or injury to a right of another, or of the public,and producing material annoyance, inconvenience, discomfort, orhurt."
 {¶ 16} The Franklin County Court of Appeals put it more simply: "If a whole neighborhood or any considerable number of persons are annoyed, it is a public nuisance." Clabaugh v.Harris (1971), 27 Ohio Misc. 153.
 {¶ 17} In the case sub judice, the placement of the pipes certainly causes safety concerns for those using the roadway. For example, with the upcoming winter months approaching, the danger these concrete barriers pose to snow plows, who would likely collide with them, and to motorists, whose cars could slide off the road due to ice and strike them, increases. As stated above, there is no justification for the placement of the pipes in their current location.
 {¶ 18} We find no error in the court's decision. Romano failed to present sufficient evidence for the court to even consider his defense of an unconstitutional taking by the city.
 {¶ 19} Romano's first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, Romano argues that "the trial court abused its discretion by convicting the appellant based on a nuisance citation issued by a zoning inspector, who did not know the definition of a public nuisance." This assignment of error is meritless.
 {¶ 21} Romano relies on portions of Hartman's testimony wherein he attempted to have Hartman specify exactly why he believed the cement pipes constituted a nuisance. Romano never fully answered the question. However, Romano's assertion that Hartman does not know what constitutes a nuisance is not supported by the transcript. Counsel for the city objected to the basis of the questions because they asked Hartman to draw a legal conclusion. At no time did Hartman say he did not know what a nuisance was. Even if we found that Hartman did not know the definition of nuisance, the final decision on that issue is for the court. While lack of such knowledge would help to impeach the credibility of the witness, it does not, by itself, relieve a defendant of guilt. As stated above, the cement pipes standing on any portion of the roadway constitutes a public nuisance.
 {¶ 22} Romano's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Kilbane, J., Concur.
[1] The turning lane was built to assist traffic entering the Avalon Event Center.
[2] Romano's brief fails to list assignments of error. We glean from the portion of his brief, "Legal Issues Present on Appeal," that he is advancing two assignments of error.
[3] Hartman is the city zoning inspector who issued the citation.
[4] Romano's claim that the pipes would be used as planters for flowers is unsubstantiated and does not relieve the potential hazard the pipes cause to traffic.